## CIRCUIT COURT OF RICHMOND COUNTY

United States
Fidelity & Guaranty Co.

v.

Richmond County
School Board

February 23, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration the Demurrer of the School Board to the Motion for Judgment and the Motion for Summary Judgment filed by U.S. F. & G. to the Counterclaim of the School Board.

### *Demurrer*

The parties concede that the School Board cannot be held liable for tortious conduct under the doctrine of governmental immunity, and therefore, implicitly, they are in agreement that the Demurrer should be sustained as to Counts I and II of the Motion for Judgment.

The parties also concede that the contractor defaulted. There is no suggestion that the contractor has claims against the School Board. U.S. F. & G.'s claims in Counts III and IV of its Motion for Judgment allege negligent supervision of the project by both the architect and the School Board resulting in payments by the School Board to the contractor which should not have been made, all to the detriment of U.S. F. & G. as surety. Saul, the architect, originally a party defendant, has been dismissed by an earlier ruling of this Court.

If there is a breach of an express contract for which the School board is liable, it must be either the contract between the School Board and the contractor, or between the School board and Saul, or between the School Board and U.S. F. & G. (the performance bond). There are no other contracts involved. In none of these contracts can there be found any express obligation on the part of the School Board to supervise this project. Presumably, Saul was engaged for this purpose. We have searched in vain through these various contracts to find an express obligation on the part of the School Board to supervise and administer this project. Accordingly, as to Count III of the Motion for Judgment, the Demurrer will also be sustained.

It is apparently conceded that the contractor was paid more than he was due. U.S. F. & G. argues that the School Board and Saul had an implied contractual obligation to the surety to supervise and administer the project properly and with diligence. The overpayments made to the contractor, in effect, increased the stakes of U.S. F. & G. under its performance bond. U.S. F. & G. claims the School Board should be responsible for this alleged breach of an implied contractual obligation.

The authorities here seem somewhat in conflict. On the one hand, the School Board is not competent to properly estimate the progress of the work. It relied on Saul, and upon approval by him, made payments to the contractor in good faith. As stated in *Balboa Insurance Company v. Fulton County*, 141 Ga. App. 328, 251 S.E.2d 123 (1978), had the school board refused to make such payments, "the surety might, with some propriety, have complained that its action was prejudicial to its interest."

On the other hand, there are duties flowing between the School Board and its surety. This gives rise to a number of questions which have not yet been fully addressed, *viz.* what are such duties; where was reliance placed; what constitutes a breach; has there been a breach; is there any lack of good faith; is Saul an agent, and if so, was he negligent, and if so, is it imputed to the School Board? The architect is no longer a party to the case, presumably on the theory that he enjoys immunity from liability for decisions made in good faith. How far does this immunity extend? If the architect has no liability

and the School Board is shown to have acted in good faith, is there a theory upon which the School Board could be liable to the surety? This appears to be the threshold question, and we feel it would be premature to undertake to resolve it at this stage. Therefore, the Demurrer, as to Count IV, will be overruled.

### Motion for Summary Judgment

U.S. F. & G. claims its liability must be limited to the penal amount of its bond, less amounts remaining unpaid by the School Board under its contract with the builder. This would have been a valid position had U.S. F. & G. elected the second option which clearly limited its liability under the bond in the event of default by the contractor. However, U.S. F. & G. elected simply to complete the contract.

U.S. F. & G. assumed two risks: first, that the original contractor would perform faithfully; and second, that it could more economically complete the contract itself. It must bear responsibility for each of these assumptions. In choosing to complete the contract in accordance with its terms and conditions, at whatever the cost, U.S. F. & G. waived the penal sum limits of the bond. Neither *Board of Supervisors of Stafford County v. Safeco*, 226 Va. 329 (1983), nor *Continental Realty Corp. v. Andrew J. Crevolin*, 380 F. Supp. 246 (S.D. W. Va. 1974), are precisely on point, but both cases provide some authority for the proposition that the surety can, in certain circumstances, waive the penal amount of the bond. At this stage of the proceedings, it appears that U.S. F. & G. did just that.

Accordingly, we hold that the Motion for Summary Judgment should be denied.